**Richmond**

EUGENE WILKINS

v.

COMMONWEALTH OF VIRGINIA

No. 0984-91-1

Decided April 26, 1994

Counsel

Michael H. Pitt (Griffin, Pappas & Scarborough, on briefs), for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on briefs), for appellee.

## UPON A HEARING EN BANC

OPINION

BRAY, J.—Eugene Wilkins (defendant) was convicted in a bench trial for possession of cocaine with the intent to distribute. He argues on appeal that the trial court erroneously admitted evidence of his prior criminal conduct and convicted him without sufficient evidence. We disagree and affirm the decision.[1]

■ "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." *Bridgeman v. Commonwealth*, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

The evidence disclosed that, at 11:07 p.m. on the evening of August 12, 1989, Suffolk police investigators executed a search warrant for a residence and motor vehicle owned by defendant. Four individuals were found inside the house. Gail Smith and Calvin West were in the "living room" and Ramona Freeman and defendant were together in bed in a bedroom. Defendant's vehicle was "parked in front" of the dwelling, locked and unoccupied. Investigators Bari and Duck conducted the searches with Bari serving as evidence custodian.

Evidence discovered in the home included a "clear glass test tube" inside an "ice bottle" on a kitchen shelf and "plastic baggie corner[s]" in both the kitchen and bedroom trash cans, all of which contained cocaine residue. Cocaine was also found in each of eleven plastic bags which dropped from "behind the back" of a sofa in the living room. Additionally, a "radio pager beeper" was located in the bedroom and $325 cash was in defendant's sock. The search of defendant's truck revealed six clear bags of cocaine,

---

[1] We consider this appeal *en banc* pursuant to Code § 17-116.02(D) because a majority of the Court determined it appropriate.

hidden in a bag beneath "the front seat of the driver's side," and a "bottle" of Inositol powder. A "small set" of scales was "behind the driver's seat," and a bank document, addressed to defendant, was in the glove box.

Without objection, Investigator Duck was qualified by the Commonwealth as an "expert in the packaging, evaluation of powder cocaine and crack cocaine." He testified that the eleven individual packages of cocaine uncovered in the residence had a total value of $275 and noted that each carried "different . . . colored tie wraps" to identify a particular "denomination." The six bags of cocaine discovered in the truck were valued at a "little over $400 a piece," $2,500 "overall." This evidence reflected a quantity and packaging of cocaine which the expert considered to be inconsistent with "personal use." He testified that the scales "would be used to weigh it [cocaine] out" for sale and described the Inositol as a "cutting agent" for the drug. Duck explained that the "beeper" was commonly used in the drug trade as a "contact point[] for clientele." Under these circumstances, Duck opined, without objection, that the cash in defendant's sock was "drug money."

Gail Smith, one of the persons present in the house during the search, testified, over defendant's objection, that she had purchased cocaine from him at the same residence "between 8:00 [and] 9:30" a.m. that very day, returning at approximately 10:00 p.m. to "find someone to buy [more] . . . cocaine with." Although Smith denied any "promises" had been offered by the Commonwealth in exchange for this testimony, Duck acknowledged, "We told her she wasn't going to be charged if she wanted to testify."

Defendant denied involvement in the offense. He presented several witnesses to establish that the truck was frequently borrowed by others and testified that two men had taken the vehicle at approximately 6:30 p.m. on the evening of the offense, returning it after defendant "was asleep." Duck, however, recalled that the truck had been parked at the residence from 6:00 p.m. until the search and was found locked, with defendant in possession of the keys.

Defendant first complains that the trial court improperly admitted and considered evidence of defendant's sale of cocaine to Smith, "some fourteen to fifteen hours prior to the discovery" of the drugs subject of this prosecution.

■ It is well settled that evidence of other crimes or bad acts of an accused is generally inadmissible in a criminal prosecution. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). "The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence.' " *Crump v. Commonwealth*, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (quoting *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).

■ However, " '[t]he law will not permit one accused of [a] crime to go unpunished simply because the Commonwealth cannot prove his guilt without bringing in some evidence which tends to show that he has committed other crimes.' " *Brooks v. Commonwealth*, 15 Va. App. 407, 413, 424 S.E.2d 566, 571 (1992) (citations omitted). Thus, the "general rule . . . must sometimes yield to society's interest in the truth-finding process," and numerous exceptions allow evidence of prior misconduct "[w]henever the legitimate probative value outweighs the incidental prejudice to the accused." *Lewis*, 225 Va. at 502, 303 S.E.2d at 893; *see Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805. For this reason, "rather than stating the rule as an exclusionary rule with numerous exceptions, it may be more helpful to phrase [it] in terms of relevancy." 1 Charles E. Friend, *The Law of Evidence in Virginia* § 12-14 (4th ed. 1993).

We have oftentimes identified and addressed these exceptions, and the lengthy list need not be once again repeated here. *See Lafon v. Commonwealth*, 17 Va. App. 411, 417, 438 S.E.2d 279, 283 (1993); *Sutphin*, 1 Va. App. at 245-46, 337 S.E.2d at 899. However, among these, "intent" and "knowledge" are well-recognized "elements of criminal acts . . . subsumed within the exceptions to the general rule" which may be "shown by prior bad act evidence when relevant to prove . . . the crime charged." *Lafon*, 17 Va. App. at 417, 438 S.E.2d at 283.

■ Evidence that tends to establish a fact at issue is relevant and material and, therefore, admissible, if its probative value is not outweighed by any prejudicial effect. *Spencer v. Commonwealth*, 240 Va. 78, 90, 393 S.E.2d 609, 617, *cert. denied*, 498 U.S. 908 (1990); *Evans-Smith v. Commonwealth*, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). Despite the prejudice "in-

herent" in proof that the accused has committed other crimes, this rule is no different when such evidence is offered to establish knowledge or intent, provided there exists a "relation or connection" between the prior misconduct and the facts in issue which sufficiently establishes relevancy and materiality. *Wilson v. Commonwealth*, 16 Va. App. 213, 221-22, 429 S.E.2d 229, 234-35, *aff'd en banc*, 17 Va. App. 248, 436 S.E.2d 193 (1993). Once evidence is determined to be relevant and material, "[t]he responsibility for balancing . . . probative value and prejudice rests in the sound discretion of the trial court," and its decision "will not be disturbed on appeal in the absence of a clear abuse." *Ferrell v. Commonwealth*, 11 Va. App. 380, 390, 399 S.E.2d 614, 620 (1990); *Spencer*, 240 Va. at 90, 393 S.E.2d at 617.

 Here, defendant was tried on an indictment which alleged that he possessed cocaine with the "intent to sell, give, deliver or distribute" it. The Commonwealth was required to prove that defendant "intentionally and consciously possessed" the drug, either actually or constructively, with knowledge of its nature and character, together with the intent to distribute it. *Josephs v. Commonwealth*, 10 Va. App. 87, 99-102, 390 S.E.2d 491, 497-99 (1990) (en banc); Code § 18.2-248. Constructive possession may be shown by defendant's acts, declarations or conduct which support the inference that the contraband was "subject to his dominion or control." *Josephs*, 10 Va. App. at 99, 390 S.E.2d at 497-98. The "particular intent" to distribute is an additional element of the offense, proof of which is "essential to . . . conviction." *Servis v. Commonwealth*, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence" which is " 'consistent with guilt' " and " 'inconsistent' " with and " 'exclude[s] every reasonable hypothesis of innocence.' " *Id.* (citation omitted).

Clearly, evidence of the recent prior sale of the offending drug to Smith was relevant and material to these several issues indispensable to conviction. It proved that defendant knowingly and intentionally possessed and offered cocaine for sale at his residence only hours before the search revealed the caches of the drug remaining about the premises. The situs, quantity and packaging of the cocaine discovered by the officers, together with related paraphernalia and money, established an obvious nexus between that contraband and the prior sale by defendant of the same drug to

Smith, from the identical location, only hours previously. *See Wilson*, 16 Va. App. at 223-24, 429 S.E.2d at 236. Evidence of the recent sale was highly probative of defendant's subsequent and nearly contemporaneous possession of the cocaine in issue and his attendant knowledge and intent with respect to it. Moreover, it tended to disprove his denial of any involvement whatsoever with the drug. *See Satterfield v. Commonwealth*, 14 Va. App. 630, 636-37, 420 S.E.2d 228, 232 (1992) (en banc). Under such circumstances, when the potential prejudice of the disputed evidence is weighed against its compelling probative value, we find that it was properly admitted and considered by the trial court.[2]

Defendant's contention that the evidence was insufficient to support the conviction is also without merit. Cocaine and related drug paraphernalia were found hidden in several rooms of his residence and his truck, parked just outside the home, under circumstances clearly evincing an intent to distribute the drug. *See Servis*, 6 Va. App. at 524-25, 371 S.E.2d at 165. Defendant was present in the house and in actual possession of the keys to the locked vehicle and cash suggestive of "drug money." An individual to whom defendant had just recently sold cocaine had returned to, and was present on, the premises expressly to purchase and consume additional quantities of the drug. Further, defendant testified falsely that others had used his truck immediately prior to the search. Such evidence provided ample proof that defendant consciously possessed the cocaine discovered by the officers, aware of its nature and character and with the requisite intent to distribute it.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J., Baker, J., Barrow, J., Coleman, J., Willis, J., Elder, J., and Fitzpatrick, J., concurred.

---

[2] The intimate connection between defendant's prior misconduct and the subject offense, with its related evidentiary value, clearly distinguishes this case from *Donahue v. Commonwealth*, 225 Va. 145, 149, 300 S.E.2d 768, 770 (1983) (prior distribution of drugs by the accused to unidentified persons "in an automobile" over a month before the offense then before the court), *Eccles v. Commonwealth*, 214 Va. 20, 22, 197 S.E.2d 332, 333 (1973) (prior consumption of drugs by the accused on "different occasions"), and *Boyd v. Commonwealth*, 213 Va. 52, 52-53, 189 S.E.2d 359, 359-60 (1972) (prior "unrelated" drug sales by the accused to unnamed purchasers at unspecified locations "a few days" preceding the offense then before the court).

Benton, J., dissenting.

Without reason, this decision overrules three decisions of the Supreme Court of Virginia. *See Donahue v. Commonwealth*, 225 Va. 145, 154-56, 300 S.E.2d 768, 773-74 (1983); *Eccles v. Commonwealth*, 214 Va. 20, 197 S.E.2d 332 (1973); *Boyd v. Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972). I dissent.

For the reasons stated in *Donahue*, *Eccles*, and *Boyd*, I would hold that the trial judge erred in admitting evidence of the prior criminal conduct. Evidence of other crimes is not admissible for the purpose of showing the defendant has a criminal propensity and was conducting himself in accordance with that propensity. I would reverse the conviction and remand for a new trial.