COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia

MARCUS A. WHITE

v.          Record No. 1984-94-2      MEMORANDUM OPINION[*] BY
                                      JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                    FEBRUARY 20, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge


            Cullen D. Seltzer, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.



        A jury convicted Marcus A. White of both voluntary

manslaughter and the use of a firearm in the commission of

murder.  On appeal, White alleges that the evidence is

insufficient to support his conviction for the firearm offense on

the ground that the evidence was insufficient to support a

conviction for murder.  We disagree and affirm.

        White contends that the evidence is insufficient, as a

matter of law, to support a finding of malice.  Malice is a

necessary element of murder.  He argues that the Commonwealth

relied solely on circumstantial evidence to prove malice, and, in

so doing, failed to exclude the hypothesis that White acted in

the heat of passion.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

We view the evidence in a light most favorable to the Commonwealth.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Here, the victim, by car, approached White, who was on foot, and engaged White in a discussion relating to a prior confrontation between the two. The victim was the first to pull his gun.  White's girlfriend pled with the victim not to shoot White.  The victim told White that he would kill him the next time he saw him, placed his gun back under the seat of his car, and began to drive away.  Once the car had passed White completely, White opened fire, shooting four times in the direction of the victim's departing car.  Only after White began firing did the victim reach again for his gun. While reaching over, the victim was struck in the back by a bullet fired from White's gun.

The jury was properly instructed that it could infer malice from the deliberate use of a deadly weapon unless, from all the evidence, they had a reasonable doubt as to whether malice existed.  See, e.g., Satcher v. Commonwealth, 244 Va. 220, 257, 421 S.E.2d 821, 843 (1991), cert. denied, 113 S. Ct. 1888 (1993).

"Circumstantial evidence . . . is evidence of facts or circumstances not in issue from which facts or circumstances in issue may be inferred."  Charles E. Friend, The Law of Evidence in Virginia § 12-1 (4th ed. 1993); see also Ryan v. Maryland Cas. Co., 173 Va. 57, 62, 3 S.E.2d 416, 418 (1939).  Direct evidence, on the other hand, is "[e]vidence that directly proves a fact,

without an inference or presumption, and which in itself, if true, conclusively establishes that fact."  Id.

Here, the Commonwealth relied solely on circumstantial evidence to prove malice, the fact in issue.  Cf. Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988) ("[I]n some cases, such as proof of intent or knowledge, [circumstantial evidence] is practically the only method of proof.") (citations omitted).  Direct evidence showed that White shot the victim, but no direct evidence established that he did so maliciously.  The jury had to infer White's malicious state of mind through his use of a deadly weapon.

"[W]here the Commonwealth's evidence as to an element of an offense is wholly circumstantial, `all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987); see also Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984); Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994); cf. Bishop v. Commonwealth, 227 Va. 164, 313 S.E.2d 390 (1984) (applying rule to entire case where entire case based on circumstantial evidence).  However, the Commonwealth "is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt."  Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373

S.E.2d 328, 338 (1988), <u>cert.</u> <u>denied</u>, 496 U.S. 911 (1990) (quoting <u>Bridgeman v. Commonwealth</u>, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986)). "The hypotheses which the prosecution must reasonably exclude are those `which flow from the evidence itself, and not from the imagination of defense counsel.'" <u>Id.</u> at 289-90, 373 S.E.2d at 338-39 (quoting <u>Black v. Commonwealth</u>, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981)).

Determining whether White's explanation that he acted in the heat of passion is a "reasonable hypothesis of innocence" is a question of fact. <u>Id.</u> at 290, 373 S.E.2d at 339. Based on familiar principles, this Court does not substitute its own judgment for that of the trier of fact. <u>Cable v. Commonwealth</u>, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The jury's verdict will not be set aside unless it appears that it is plainly wrong or without supporting evidence. Code § 8.01-680; <u>Traverso v. Commonwealth</u>, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

Here, the evidence shows that the victim had placed his gun under the seat of his car, began to drive away, and had completely passed White, before White opened fire, shooting him in the back. Based on this evidence, we cannot conclude that the jury was plainly wrong in finding that the Commonwealth had met its burden of establishing the requisite intent to support a conviction of murder beyond a reasonable doubt and that the evidence excluded the hypothesis that White acted in the heat of passion.

Accordingly, the appellant's conviction for use of a firearm in the commission of murder is affirmed.

Affirmed.