COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued by teleconference


TYRONE DUNBAR
                                            OPINION BY
v.   Record No. 2029-97-2        JUDGE ROSEMARIE ANNUNZIATA
                                          MARCH 30, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
              Herbert C. Gill, Jr., Judge

        Lee W. Kilduff (Morchower, Luxton & Whaley,
        on brief), for appellant.

        Daniel J. Munroe, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    Tyrone Dunbar ("defendant") was convicted by bench trial of

possession of cocaine with intent to distribute in violation of

Code § 18.2-248.  On appeal, defendant contends:  1) the trial

court erred by admitting evidence that he committed prior crimes,

and 2) the evidence was insufficient to sustain his conviction.

We find no error and affirm.

                             I.

                     FACTUAL BACKGROUND

    On January 28, 1997, Chesterfield County police executed a

search warrant for cocaine and cocaine paraphernalia at

defendant's apartment.  Upon entry, police found defendant

standing alone in the living room.  Underneath a sofa in the

living room, Sergeant James Herring, one of the officers who

searched the apartment, found a bag containing cocaine inside a

typewriter case.  Directly in front of the sofa, police found a

"couple of coasters," one of which contained a razor blade and a

rock of cocaine.  On the right side of the sofa, police found "a metal pipe that had cocaine residue in it" lying on a chair. Under the chair, police found an Altoids mint box, which contained "a cleaner for cleaning metal pipes used to smoke crack cocaine."

While still in the apartment, the police advised defendant of his <u>Miranda</u> rights.  After indicating that he understood his rights, defendant agreed to answer police questions.

At trial, Sergeant Herring testified concerning the search of defendant's apartment and the questions police asked defendant in the apartment.  Referring to the cocaine, Herring asked defendant "if he sold a little bit to make ends meet."  According to Herring, defendant replied, "yes."

Defendant objected to this question, arguing that it constituted inadmissible evidence of a past crime.  The court overruled the objection, finding that "the question as posed really does not deal with past acts, but in fact deals with a statement that is on-going, 'Do you, in fact, sell a little bit to make ends meet' . . . ."

On cross-examination by defendant's counsel, Herring explained he asked the question in the present tense, stating, "I asked him does he sell.  I did not ask him in the past tense.  I asked him in the present tense does he sell."  Herring also asked defendant whether he had smoked any cocaine on the day of the search.  Defendant replied he did "not smoke cocaine right now because he is applying for a job that requires a urinalysis upon employment."

Defendant subsequently moved to strike on the ground that the evidence did not prove beyond a reasonable doubt his intent to distribute cocaine. The court overruled the motion and subsequently found defendant guilty.

## II.

### OTHER CRIMES

The Commonwealth argues that Herring's testimony regarding defendant's sales of cocaine does not relate to prior crimes committed by defendant because the police inquiry addressed present conduct. Indeed, the trial court found that the inquiry related to present conduct. However, defendant's admission logically implicates the commission of past crimes as well and, on that basis, we address defendant's contention that Herring's testimony constitutes inadmissible evidence of prior crimes.

In support of his argument, defendant cites the cases of Donahue v. Commonwealth, 225 Va. 145, 300 S.E.2d 768 (1983); Eccles v. Commonwealth, 214 Va. 20, 197 S.E.2d 332 (1973); and Boyd v. Commonwealth, 213 Va. 52, 189 S.E.2d 359 (1972). These decisions, however, do not control the outcome of this case.

"It is well settled that evidence of other crimes or bad acts of an accused is generally inadmissible in a criminal prosecution." Wilkins v. Commonwealth, 18 Va. App. 293, 297, 443 S.E.2d 440, 443 (1994) (en banc). "The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence.'" Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991)

(quoting <u>Lewis v. Commonwealth</u>, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).

> However, the law will not permit one accused of a crime to go unpunished simply because the Commonwealth cannot prove his guilt without bringing in some evidence which tends to show that he has committed other crimes. Thus, the general rule . . . must sometimes yield to society's interest in the truth-finding process, and numerous exceptions allow evidence of prior misconduct whenever the legitimate probative value outweighs the incidental prejudice to the accused.

<u>Wilkins</u>, 18 Va. App. at 297, 443 S.E.2d at 443 (citations and quotations omitted). "'[T]he responsibility for balancing . . . probative value and prejudice rests in the sound discretion of the trial court,' and its decision 'will not be disturbed on appeal in the absence of a clear abuse.'" <u>Id.</u> at 298, 443 S.E.2d at 443 (quoting <u>Ferrell v. Commonwealth</u>, 11 Va. App. 380, 390, 399 S.E.2d 614, 620 (1990)).

Among the exceptions to the general rule against admissibility, the accused's intent "may be shown by prior bad acts evidence when relevant to prove a material element or issue of the crime charged." <u>Lafon v. Commonwealth</u>, 17 Va. App. 411, 417, 438 S.E.2d 279, 283 (1993). Such evidence is admissible to show, <u>inter</u> <u>alia</u>, the intent with which a crime is committed. <u>Tomlinson v. Commonwealth</u>, 8 Va. App. 218, 224, 380 S.E.2d 26, 29-30 (1989) (holding that, in a trial for shooting into an occupied dwelling, evidence the defendant shot into a second dwelling in the same evening was properly admitted to show the defendant's intent).

Furthermore, evidence of other crimes may be admitted when "'the evidence is connected with or leads up to the offense for which the accused is on trial' or when 'the other crimes constitute a part of the general scheme of which the crime charged is a part.'" Rodriguez v. Commonwealth, 249 Va. 203, 206, 454 S.E.2d 725, 726 (1995) (quoting Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)). The admissibility of such evidence is based on the fact that it is often "impossible to give a connected statement showing the crime charged without incidental reference to . . . contemporaneous and similar crimes . . . ." Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805. The rationale for admitting evidence of related crimes is also stated in Scott v. Commonwealth:

> Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses. Evidence of such connected criminal conduct is often relevant to show motive, method, and intent. Indeed, it may be the only way in which such matters may be shown, as was the case here.

228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984), quoted in Satterfield v. Commonwealth, 14 Va. App. 630, 635-36, 420 S.E.2d 228, 231-32 (1992) (en banc).

In Rodriguez, the Virginia Supreme Court distinguished the cases cited by defendant. In Donahue, Eccles, and Boyd, evidence that an accused previously sold or used drugs was inadmissible

- 5 -

because those acts "were wholly unrelated to the offenses for which the respective defendants were on trial." Rodriguez, 249 Va. at 207, 454 S.E.2d at 727. See also Wilson v. Commonwealth, 16 Va. App. 213, 221, 429 S.E.2d 229, 234 (1993) (stating that Donahue, Eccles, and Boyd stand for the proposition that "prior sales of drugs do not, without more, tend to prove that an accused on another unrelated occasion intended to possess or sell drugs").

Applying these principles to this case, we find no error in the trial court's admission of Herring's testimony regarding defendant's prior sales. When police found cocaine in defendant's apartment, defendant admitted to selling small quantities of the drug in order to make money. Herring asked defendant whether "he sold a little bit [of cocaine] to make ends meet." Defendant replied, "yes." Defendant's admission gives rise to the inference that he was selling cocaine on a regular basis.

Defendant's admission that he was selling drugs, although evidencing his commission of prior crimes, establishes "a general scheme of which the crime charged is a part." The evidence was probative of defendant's present intent to distribute the cocaine found in his apartment. Unlike the cases on which defendant relies, here, the Commonwealth did not present evidence of prior crimes that was "wholly unrelated" to the offense for which he was on trial. Defendant's admission that he was selling drugs established an on-going "general scheme" involving the regular sale of drugs. Thus, under the principles enunciated in

<u>Rodriguez</u>, the trial court properly admitted evidence of defendant's prior crimes "because it was 'so intimately connected and blended with the main facts adduced in evidence' that it should not be excluded from consideration." <u>Rodriguez</u>, 249 Va. at 206, 454 S.E.2d at 727 (quoting <u>Kirkpatrick</u>, 211 Va. at 273, 176 S.E.2d at 806).

For the foregoing reasons, we find no error in the trial court's admission of Herring's testimony.

## III.

### SUFFICIENCY OF THE EVIDENCE

Defendant also contends the evidence was insufficient to prove he intended to distribute the cocaine found in his apartment. We disagree.

"'On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.'" <u>Wilkins</u>, 18 Va. App. at 295, 443 S.E.2d at 442 (quoting <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). We "must discard all evidence of the accused that conflicts with that of the Commonwealth and regard as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." <u>Lea v. Commonwealth</u>, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). "The weight which should be given to evidence and whether the testimony of a

witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

"Possession with intent to distribute is a crime which requires 'an act coupled with a specific intent.'" Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (quoting Adkins v. Commonwealth, 217 Va. 437, 440, 229 S.E.2d 869, 871 (1976)). "[F]or a defendant to be convicted of possession of a controlled substance with the intent to distribute, the Commonwealth must prove that the defendant possessed the controlled substance contemporaneously with his intention to distribute that substance." Id. Because direct evidence is often impossible to produce, intent may be shown by circumstantial evidence that is consistent with guilt, inconsistent with innocence, and excludes every reasonable hypothesis of innocence. Wilkins, 18 Va. App. at 298, 443 S.E.2d at 444.

Here, police found cocaine in defendant's apartment. Upon questioning, defendant admitted to selling small quantities of the drug for his pecuniary gain. He also denied present use of cocaine. Although defendant contends the presence of drug paraphernalia is probative of his intent to personally use cocaine, and not to distribute, such evidence does not conclusively refute a finding of intent to distribute. See Stanley, 12 Va. App. at 869, 407 S.E.2d at 14-15 (stating that the trier of fact is entitled to weigh all the circumstances in a given case and that "a conviction for possession with the intent

to distribute may be upheld even though the quantity of drugs seized is consistent with personal use").

Furthermore, although defendant made statements to police that would indicate he possessed the cocaine for personal use only, he also stated that he was not using drugs because of employment-related drug screening.  The trial court was entitled to disbelieve his explanation and conclude he lied to conceal his guilt.  See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  We find the evidence is sufficient to conclude beyond a reasonable doubt that defendant possessed cocaine with the intent to distribute.

For the foregoing reasons, we affirm.

Affirmed.