COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


EMANUEL DONTA HOLLEY, S/K/A
 EMANUEL E. HOLLEY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1085-01-1          JUDGE RICHARD S. BRAY
                                         APRIL 9, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     Johnny E. Morrison, Judge

          Joseph R. Winston, Special Appellate Counsel
          (Public Defender Commission, on briefs), for
          appellant.

          Michael T. Judge, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Emanuel Donta Holley (defendant) was convicted in a bench

trial for possession of cocaine with intent to distribute, a

violation of Code § 18.2-248.  On appeal, he challenges the

sufficiency of the evidence to prove the requisite intent to

distribute.  Finding no error, we affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

In accordance with well established principles, we consider the evidence in the light most favorable to the party prevailing below, the Commonwealth in this instance. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted).

Viewed accordingly, the evidence disclosed that, on the evening of October 12, 2000, Portsmouth Police Officers D.B. Smith and S.W. Johnson observed three men "standing on [a] sidewalk" and detected a "strong odor of burnt marijuana." As the officers approached the group, defendant "bent down[,] . . . did something by his boot" or "pants leg" and began to "walk off," onto property of the Portsmouth Redevelopment and Housing Authority (PRHA).

While Smith was "speaking" with defendant, Johnson collected marijuana and a "burning marijuana joint" from the ground adjacent to the men. Defendant suddenly became "very defensive," disassociating himself with the marijuana. Johnson then recognized defendant from a previous encounter and advised Smith "he had warned [defendant] previously about trespassing" on PRHA property. As Smith "went to . . . arrest [defendant] for trespassing," defendant "pulled his jeans up[,] kicked both his legs up," and "a baggie of crack cocaine," "not quite the size of a golf ball," fell "from his left boot." The cocaine was described as "several large rocks."

-

A search of defendant's person incidental to arrest yielded a cellular telephone, a pager and $925 cash in $1 to $50 bills, segregated by denomination. A certificate of analysis, introduced into evidence, reported the "baggie" contained 3.72 grams of cocaine, but defendant possessed no paraphernalia related to use of the drug.

At trial, Detective B.J. Karpowski, III was qualified as "an expert concerning the sale, packaging, use, and distribution of narcotics." Without objection, Karpowski opined that "the lack of any devices used to ingest cocaine," "the nine hundred twenty-five dollars in various denominations, . . . broken down into several different types of bills ranging from one dollar bills all the way up to fifty dollar bills," and the possession of "several large rocks" of crack cocaine were "inconsistent with personal use" of the drug.[1] Karpowski fixed the "street value" of the cocaine at $372.

Recalling the encounter with Officers Smith and Johnson, defendant testified he had spoken with "two guys" and was proceeding to a nearby residence when the police approached and confronted and arrested him. He explained that the cash on his person "came from work," "saving up," the "cell phone [was] for [his] child when he get[s] sick," and the pager was "us[ed]

_____

[1] Karpowski discounted the "significan[ce]" of the cell phone and pager to his conclusion.

-

. . . before [he] got the phone."  Defendant did not address the cocaine found in his possession.

On appeal, defendant challenges the sufficiency of the evidence to prove the requisite intent to distribute the cocaine.  In reviewing the sufficiency of the evidence, we examine the record in "the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The credibility of a witness, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  "The judgment of a trial court . . . will be disturbed only if plainly wrong or without evidence to support it."  Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

"[F]or a defendant to be convicted of possession of a controlled substance with the intent to distribute, the Commonwealth must prove that the defendant possessed the controlled substance contemporaneously with his intention to distribute that substance."  Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc).  "Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence."  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).

-

"Circumstantial evidence is sufficient to support a conviction as long as it excludes every reasonable hypothesis of innocence." Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (citations omitted). Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong. See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Circumstances probative of an intent to distribute include "the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms." McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001) (citations omitted). Possession of such cash "in small denominations" and the absence of evidence that an accused used the drug are also factors indicative of an intent to distribute. Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998) (citations omitted), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

-

Here, Officer Smith discovered 3.72 grams of cocaine, "in several large rocks," together with $925 cash in $1 to $50 bills, segregated by denomination, circumstances deemed by an expert as inconsistent with personal use of the drug. Moreover, no related paraphernalia or other evidence suggested defendant personally used the drug. Although defendant attributed the money to wages, "[t]he trial court was entitled to disbelieve [defendant's] explanation and conclude that he lied to conceal his guilt." Dunbar v. Commonwealth, 29 Va. App. 387, 394, 512 S.E.2d 823, 827 (1999) (citation omitted).

Such evidence sufficiently established beyond a reasonable doubt that defendant possessed the cocaine with the necessary intent to distribute. Accordingly, we affirm the conviction.

Affirmed.