COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


CARL EDWARD WARREN, JR.

MEMORANDUM OPINION[*] BY
v.    Record No. 1078-01-2          JUDGE RICHARD S. BRAY
                                        MAY 7, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge

(William R. Blandford, Jr.; Blandford,
Carrico & Newlon, P.C., on brief), for
appellant. Appellant submitting on brief.

Amy L. Marshall, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Carl Edward Warren, Jr. (defendant) was convicted in a bench

trial for petit larceny and credit card theft, violations of Code

§§ 18.2-96 and -192, respectively. On appeal, he contends the

evidence was insufficient to prove the offenses. Finding no

error, we affirm the trial court.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The credibility of the witnesses, the weight accorded their testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence. Code § 8.01-680.

Viewed accordingly, the record discloses that, in May 2000, Nathalie Van deVorrde was residing at the Powhatan County farm of a friend, Nicole Zoet, together with Zoet's two daughters and defendant. At the "[e]nd of May or June," Van deVorrde noticed a "reserve credit card," "a spare one" she "never used," missing from her wallet. She reported loss of the card to the issuer, was advised "a week or two later" that "the card had been used," and promptly notified Powhatan County Police.

"[W]orking with . . . information" provided by Van deVorrde, police investigator Daniel Giardini "ran a [record] check on [defendant]" and learned he was the subject of "outstanding warrants." When Giardini and Lieutenant Vernon Poe arrived at Zoet's farm to arrest defendant, they discovered his car with "all four doors . . . standing open" and a "box protruding from the

-

passenger front seat" was identified by Van deVorrde as the "cash box" maintained by Zoet for household expenses.  A search of the vehicle by Giardini yielded Zoet's box and, "on the center console between the front seats," "a black leather wallet" containing defendant's "identification" and Van deVorrde's missing credit card.

At trial, Van deVorrde testified defendant did not have permission to possess or use the credit card.  Nicole Zoet testified she maintained "reserve money" for expenses in the cash box and that defendant was not allowed access to the funds.

Defendant, previously convicted of "seven" "felonies" and "[f]ive" crimes "involving lying, cheating and stealing," insisted Van deVorrde was aware of his "finances" and allowed him to use her credit card for various purchases, including a cash advance, sign related purchase documents and "keep the credit card."  "[A]lways together" when the card was utilized for his purposes, defendant claimed Van deVorrde "kept up with the money she loaned [him]," "the total amount that was spent," admitting "[i]t wasn't paid back yet . . . ."  He recalled returning the card to Van deVorrde when she "got upset about the money" at "the end of May."

Aware Zoet maintained a cash box "to buy groceries and stuff for the house," defendant admitted taking "eight to ten dollars" from the box on "the sixth or the seventh of June," without permission, to purchase food for one of Zoet's children

-

and himself.  Defendant denied knowledge that the cash box or credit card were in his car.

At the conclusion of the Commonwealth's evidence and, again, at the conclusion of all the evidence, defendant moved the court to strike, arguing, first, that "the box is available to all," and "there is no indication, except for the discovery of the box in [his] car, that he took anymore than seven or eight dollars out," and, secondly, that the evidence was insufficient to prove he possessed the credit card.  Finding defendant's testimony and related argument incredible, the court denied the motion and convicted defendant of the subject offenses, resulting in the instant appeal.

II.

Code § 18.2-192 provides, in pertinent part:

> (1) A person is guilty of credit card or credit card number theft when:
>
> (a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder . . . .

Here, Van deVorrde had not consented for defendant to possess or use her credit card.  Nevertheless, it was found inside defendant's wallet, secreted in his car.  Although defendant claimed he had previously possessed and used the card with Van

-

deVorrde's permission, "[t]he trial court was entitled to disbelieve [defendant's] explanation and conclude that he lied to conceal his guilt." Dunbar v. Commonwealth, 29 Va. App. 387, 394, 512 S.E.2d 823, 827 (1999). Thus, discounting defendant's testimony, the Commonwealth's evidence was clearly sufficient to prove beyond a reasonable doubt that he committed credit card theft.

### III.

Defendant next contends the evidence was insufficient to prove he committed petit larceny, claiming he removed "a small amount of cash" from the "cash box" with "implied authority." Again, we disagree.

"Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979) (citations omitted).

The instant record established that Zoet had not given defendant permission to obtain monies from the cash box. Nevertheless, he removed and expended "eight to ten dollars" from

-

the repository.  Such evidence clearly supports the finding that defendant committed petit larceny.

Accordingly, we affirm the convictions.

Affirmed.