COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Clements and Felton
Argued at Chesapeake, Virginia


SHARRIEFF MUHAMMAD

v.      Record No. 2879-04-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
MARCH 28, 2006

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Dianne G. Ringer (Bierowicz & Ringer, P.C., on brief), for
appellant.

(Judith Williams Jagdmann, Attorney General; Rosemary V. Bourne,
Assistant Attorney General, on brief), for appellee.


Sharrieff Muhammad (appellant) was convicted in a bench trial of possession with intent to

distribute heroin, in violation of Code § 18.2-248. On appeal, he contends that the evidence was

insufficient to sustain his conviction, arguing that the Commonwealth failed to prove the elements

of possession and intent to distribute. For the reasons stated herein, we affirm appellant's

conviction.

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below."  Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003).

So viewed, the uncontroverted evidence presented by the Commonwealth at trial proved that on March 25, 2004, at approximately 5:50 p.m., Detective T. McAndrew of the Portsmouth Police Department received information from a confidential and reliable informant that a man, known to the informant as "Yoshi," would be standing on the corner of Turnpike Road and Howard Street selling heroin.  The informant provided a detailed physical description of Yoshi, and disclosed that Yoshi possessed heroin in the rear of his jeans.

Based on this information, Detective McAndrew and Detective P. Lipscomb responded to the intersection of Turnpike Road and Howard Street and, upon arrival at 6:04 p.m., observed appellant standing on the corner with two other males.  Because he matched the description provided by the informant, the detectives exited the police vehicle, walked up to appellant, and placed him in custody.  Detective McAndrew cuffed appellant's hands securely behind his back and seated him in the front passenger seat of the police vehicle.  He then asked appellant for his street name, and appellant responded, "Yoshi."

Having placed appellant in the police vehicle, Detective McAndrew informed him that he was being taken into custody for the suspected possession of heroin.  He advised appellant that he knew the heroin was concealed in the rear of his jeans, and warned him not to remove the heroin in order to drop it inside the vehicle.

Detective McAndrew then left the police vehicle and engaged Detective Lipscomb in conversation.  As the detectives conversed in front of the vehicle, Detective McAndrew looked

toward the windshield and observed the cuffed appellant "moving around" and shifting his shoulders from "side to side." Detective Lipscomb also observed appellant "making movements" and "wiggling." Having observed this conduct, Detective McAndrew walked over to the passenger side of the police vehicle, looked through the rear window, and noticed a clear plastic baggie on the rear floorboard "directly behind" where appellant was seated. The baggie contained 16 individual capsules of suspected heroin.

Appellant was the sole occupant of the police vehicle at the time of his arrest. The vehicle had been assigned to Detective Lipscomb. Detectives Lipscomb and McAndrew had arrived at the scene together in that vehicle, Detective Lipscomb driving and Detective McAndrew as the front seat passenger. On the day before appellant's arrest, Detective Lipscomb had cleaned out and vacuumed the interior of the vehicle. He observed no clear plastic baggie of suspected heroin in the vehicle at that time. Immediately prior to appellant's arrest, Detective McAndrew had inspected the passenger area and also observed no such baggie inside the vehicle. No person, save Detectives Lipscomb and McAndrew, had access to the interior of the vehicle prior to appellant's arrest, and appellant was the first person placed in the vehicle since it had been cleaned and vacuumed.

Subsequent laboratory analysis confirmed that the 16 individual capsules discovered in Detective Lipscomb's vehicle contained a total amount of 1.262 grams of heroin. The Commonwealth presented, as a witness, Detective R.M. Holly, who testified as an expert in the use, packaging, and distribution of narcotics. Having nine years of experience as a narcotics detective, Detective Holly opined that the evidence was inconsistent with the personal use of heroin. He explained that, "a[n] [individual] user is not going to carry [16] capsules [of heroin] around with him" for personal use. Detective Holly testified that the street value of the heroin was approximately $10 per capsule.

Appellant made a motion to strike at the close of the Commonwealth's evidence, arguing that the Commonwealth had failed to prove the elements of possession and intent to distribute.[1] The trial court denied appellant's motion, and convicted him of possession with intent to distribute heroin, in violation of Code § 18.2-248.

This appeal followed.

## II. ANALYSIS

Appellant contends that the Commonwealth's evidence was insufficient to sustain his conviction for two reasons. First, he argues that the evidence was insufficient to prove that he possessed the heroin found in Detective Lipscomb's vehicle. Second, appellant argues that, even assuming the Commonwealth proved that he possessed the heroin, the evidence was still insufficient to prove that he intended to distribute it. We disagree.

When a defendant challenges the sufficiency of the evidence on appeal, "we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Jones v. Commonwealth, 23 Va. App. 93, 99, 474 S.E.2d 825, 828 (1996). "'In so doing, we must . . . regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Furthermore, "the credibility of the witnesses and the weight accorded the evidence are matters

---

[1] Specifically, appellant stated he intended to present no evidence at trial and, in making his motion to strike, declared that the motion represented his first motion to strike, second motion to strike, and closing argument "all wrapped up into one."

solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

We first address appellant's argument that the evidence was insufficient to prove that he possessed the heroin found in Detective Lipscomb's vehicle. In support of this argument, he asserts that it "defies credulity" to infer from the evidence that he, while cuffed with his hands behind his back and seated in the police vehicle, could remove heroin from the rear of his jeans and toss it onto the floorboard directly behind his seat.

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). "The Commonwealth need not prove actual possession, however." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004). Rather, the Commonwealth may prove constructive possession of an illicit substance. Maye v. Commonwealth, 44 Va. App. 463, 483, 605 S.E.2d 353, 363 (2004).

To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion or control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). The defendant's proximity to a controlled substance is one factor that may be considered in determining constructive possession. Walton, 255 Va. at 426, 497 S.E.2d at 871-72. Constructive possession may be established by circumstantial evidence provided that such evidence excludes every reasonable hypothesis of innocence that flows from the evidence. See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419,

420 (1994). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams, 42 Va. App. at 735, 594 S.E.2d at 311.

Viewed in the light most favorable to the Commonwealth, the circumstantial evidence presented by the Commonwealth proved that appellant was arrested after he was observed to match a reliable informant's description of a man possessing heroin in the rear of his jeans. He was then cuffed with his hands behind his back, placed in the front passenger seat area of Detective Lipscomb's police vehicle, and warned not to discard the heroin from the rear of his pants into the vehicle. The vehicle in which appellant was seated contained no heroin. Indeed, the vehicle had been cleaned and vacuumed the day before by Detective Lipscomb, and he observed no heroin at that time. Nor did Detective McAndrew observe heroin in the vehicle upon his inspection immediately prior to appellant's arrest. Appellant was the first person placed in the vehicle since it had been cleaned, and the sole occupant of the vehicle at the time of his arrest. No police personnel, save Detectives Lipscomb and McAndrew, had access to the interior of the vehicle since it had been cleaned and vacuumed. Following appellant's placement in the vehicle, the detectives observed appellant moving his shoulders from side to side, "wiggling," and making other "movements." Having made this observation, Detective McAndrew immediately returned to the vehicle and discovered a clear plastic baggie of heroin. The baggie was in plain view and "directly behind" appellant's seat.

Considering the totality of the circumstances, the trial court could fairly infer that appellant was aware of the nature and presence of the heroin, that he exercised dominion and control over the heroin, and that he was exclusively responsible for its presence in the rear of the vehicle. The uncontroverted evidence excluded all reasonable hypotheses of his innocence, and, therefore, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that appellant constructively possessed the heroin discovered in Detective Lipscomb's vehicle.

We next address appellant's claim that the evidence was insufficient to prove he intended to distribute the heroin that he constructively possessed. To convict a defendant of possession with intent to distribute an illegal substance, the Commonwealth must prove beyond a reasonable doubt that the defendant intended to distribute the substance that he possessed. See Williams, 42 Va. App. at 737, 594 S.E.2d at 312. "Possession with intent to distribute is a crime which requires 'an act coupled with a specific intent.'" Dunbar v. Commonwealth, 29 Va. App. 387, 393, 512 S.E.2d 823, 826 (1999) (quoting Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991)). "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Circumstantial evidence of an accused's intent includes "the quantity of the drugs discovered [and] the packaging of the drugs." Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001). Possession of an illegal substance in an amount exceeding that which is ordinarily possessed for personal use may sufficiently establish a defendant's intent to distribute that substance. Iglesias v. Commonwealth, 7 Va. App. 93, 110, 372 S.E.2d 170, 180 (1988) (en banc). Expert testimonial evidence may be considered in determining whether a defendant intended to distribute an illegal substance. Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991). "The quantum of evidence necessary to prove an intent to distribute depends on the facts and circumstances of each case." Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003).

Viewed in the light most favorable to the Commonwealth, the circumstantial evidence presented at trial proved that the police received a tip from an informant that a man was selling heroin on the corner of Turnpike Road and Howard Street. The informant provided a description of the man and disclosed that the man's street name was "Yoshi." Detectives Lipscomb and

McAndrew went to the intersection of Turnpike Road and Howard Street, observed appellant on the corner matching the description of the seller given by the informant, and arrested him. Appellant informed the detectives that his street name was "Yoshi." Following the arrest, the detectives discovered 1.262 grams of heroin in his constructive possession. The heroin consisted of 16 individual capsules, valued at $10 per capsule, for a total value of $160. Detective Holly testified at trial as an expert in the use, packaging, and distribution of narcotics, and opined that appellant's case was inconsistent with the personal use of heroin because "a[n] [individual] user is not going to carry [16] capsules [of heroin] around with him" for personal use.

We conclude that the trial court could fairly infer from this evidence that appellant intended to distribute the unusual amount of capsules in his constructive possession.

### III. CONCLUSION

Therefore, we hold that the evidence was sufficient to sustain appellant's conviction of possession with the intent to distribute heroin, in violation of Code § 18.2-248. Accordingly, we affirm his conviction.

Affirmed.