COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


GUY MARK AYDLETT, S/K/A
   GUY ADYLETT
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2194-07-1                    JUDGE JERE M. H. WILLIS, JR.
                                                         NOVEMBER 25, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                           Dean W. Sword, Jr., Judge

            Benjamin H. Hamlet (Kozak & Hamlet, P.C., on brief), for appellant.

            Erin M. Kulpa, Assistant Attorney General (Robert F. McDonnell,
            Attorney General; Joshua M. Didlake, Assistant Attorney General,
            on brief), for appellee.


        Guy Mark Aydlett contends the evidence was insufficient to support his conviction for

violating Code § 18.2-248. We disagree and affirm the judgment of the trial court.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

        On June 25, 2006, Officer Scott D. White was on patrol when he observed a vehicle

stopped on the side of the road. Approaching the vehicle, White saw Aydlett sitting in the

driver's seat holding a bag of what appeared to be crack cocaine. When White knocked on the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

window, Aydlett dropped the bag on the floor. White ordered Aydlett out of the car. A search of the vehicle produced the bag of crack cocaine and a glass smoking device. From Aydlett's person, the police recovered a bag containing over twenty grams of powdered cocaine having a street value of over $2,100 and over $300 in cash.

The indictment against Aydlett charged that he "did manufacture, sell, give, distribute or possess with intent to manufacture, sell, give or distribute Cocaine . . . in violation of [] § 18.2-248 . . . ."

Detective Robert M. Holley testified as an expert in the packaging and distribution of illegal narcotics. Detective Holley testified that while the crack cocaine and smoking device were consistent with personal use, the large quantity of powdered cocaine was not.

Aydlett testified he possessed the cocaine for personal use and used it for pain management associated with his medical condition. He admitted having combined powdered cocaine with sodium bicarbonate and hydrogen peroxide to create crack cocaine. Aydlett argued that converting powdered cocaine into crack cocaine did not constitute "manufacturing" as prohibited by Code § 18.2-248. From the bench, the trial court stated that Aydlett's activities constituted manufacturing as prohibited by the statute. It stated that it need not consider whether Aydlett intended to distribute the cocaine. It found him guilty, but agreed the parties could present further argument regarding whether Aydlett had manufactured crack cocaine, noting it would consider those arguments and could "vacate the finding or reduce it to something else for sentencing." The conviction order, entered June 27, 2007, and the sentencing order, entered September 10, 2007, both recited that Aydlett was convicted of "PWID Cocaine," referencing Code § 18.2-248.

ANAYLSIS

Manufacturing

On appeal, Aydlett argues "[t]he court erred by finding [him] guilty of manufacturing cocaine under Virginia Code § 18.2-248." He argues that he merely "compounded" crack cocaine, converting cocaine in one form into another, an act distinct from "manufacturing" and not prohibited by Code § 18.2-248.

"A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). This presumption applies where an order conflicts with a transcript of the subject proceedings. See Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979).

Although the transcript of Aydlett's trial suggests the trial court convicted him of manufacturing cocaine, the trial and sentencing orders unambiguously recite that he was convicted of PWID Cocaine, acknowledged by him to mean possession with intent to distribute cocaine.[1] This record establishes that the trial court convicted Aydlett of possessing cocaine with the intent to distribute, not of manufacturing crack cocaine. Accordingly, we need not address his contention that his conduct did not constitute manufacturing as defined by the Code.

Intent to Distribute

Aydlett also appears to argue that the Commonwealth failed to prove that he possessed the cocaine with the intent to distribute it.

"[F]or a defendant to be convicted of possession of a controlled substance with the intent to distribute, the Commonwealth must prove that the defendant possessed the controlled

---

[1] The use of an acronym in lieu of a correct statement of the charge is not good practice and is discouraged.

substance contemporaneously with his intention to distribute that substance." Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991).

"Because direct evidence is often impossible to produce, intent [to distribute drugs] may be shown by circumstantial evidence that is consistent with guilt, inconsistent with innocence, and excludes every reasonable hypothesis of innocence." Dunbar v. Commonwealth, 29 Va. App. 387, 394, 512 S.E.2d 823, 826 (1999). "When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered. Indeed, quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use." Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984).

Detective Holley opined that while the crack cocaine and smoking device could be consistent with personal use, the large quantity of powdered cocaine was inconsistent with personal use. He explained the street value of the powdered cocaine exceeded $2,000 and assigned little significance to the currency Aydlett carried at the time of his arrest.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Although Aydlett testified he possessed all the cocaine for personal use, the trial court was entitled to disbelieve his self-serving testimony and to conclude that he was lying to conceal his guilt. Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The quantity of the powdered cocaine found in his pocket, which the expert testified was inconsistent with personal use, was sufficient to support his conviction for possession of cocaine with the intent to distribute.

The Commonwealth presented competent, credible, and sufficient evidence to prove beyond a reasonable doubt that Aydlett was guilty of violating Code § 18.2-248. Therefore, the trial court's judgment was neither plainly wrong nor without evidence to support it. <u>See</u> <u>Askew v. Commonwealth</u>, 40 Va. App. 104, 107, 578 S.E.2d 58, 60 (2003). Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>