Present: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Lacy, S.J.

DAVID MIDKIFF, S/K/A
DAVID WILLIS MIDKIFF

v.  Record No. 091793

OPINION BY SENIOR JUSTICE
ELIZABETH B. LACY

COMMONWEALTH OF VIRGINIA

JUNE 10, 2010

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we consider whether a trial court properly admitted into evidence digital video recordings and still images of child pornography reproduced from electronic files on digital video discs (DVDs) copied from hard drives found in the defendant's computer.

Sergeant Rodney Thompson of the Bedford County Sheriff's Office and Investigator Boyd T. Arnold of the Pittsylvania County Sheriff's Office executed a search warrant at the home of David Midkiff. Midkiff was not at home when the warrant was served, but the officers reached him by telephone. In response to the officers' questions, Midkiff told the officers that child pornography was stored in his computer. The officers seized the computer, took it to the property room of the Sheriff's Office in Chatham, and subsequently took it to the Department of Forensic Science Western Laboratory in Roanoke. The computer was then sent to the Central Laboratory in Richmond for examination.

Kristen Scott, a forensic digital evidence scientist at the Department of Forensic Science, examined the computer. First she removed the five hard drives in the computer and made an image or copy of the hard drives.[*] She then examined the copy of the hard drives for images that were of a questionable nature. Scott identified 16 questionable images and some video clips. Using the file names Midkiff gave to the files of still images and video recordings, she "wrote" or copied the files to a DVD without changes. Scott gave the DVD to Investigator Arnold.

Midkiff was indicted for one count of possession of child pornography and 18 counts of possession of child pornography, second or subsequent offense, in violation of Code § 18.2-374.1:1. He was tried by a jury in the Pittsylvania County Circuit Court. At trial Arnold testified that he printed out the still image files as 8 by 10 inch pictures and copied a portion of the DVD for displaying the video recordings at trial. Scott, testifying as an expert in computer forensic science, stated that reproduction of a hard drive is a "bit for bit copy," and that, unlike a photocopy of a document in which you "lose something, when you make a bit for bit image of a hard drive you get the exact same thing each time." She further testified that in bit for bit digital copying "[e]ach copy you

---

[*]A hard drive is the basic data storage and retrieval component of a personal computer.

create from the original is considered forensically to be an original." Scott identified the video recordings and 16 still images presented at trial in 8 by 10 format as accurately reflecting the files she copied from the defendant's hard drives and delivered to Investigator Arnold.

Midkiff objected to the admission of the still images and video recordings, arguing that they were a "third generation removed" from the defendant's hard drives because they were produced from a copy of the copy of the hard drives. Midkiff argued that because there was no evidence that the hard drives themselves were not available, under the best evidence rule, the still images and video recordings should not be admitted into evidence. Midkiff asserted that the reliability of the photographs of these materials was in question. The trial court admitted the proffered printed images and video recordings, stating that "based on the testimony, these are originals and that . . . satisfies the best evidence rule."

Midkiff appealed to the Court of Appeals asserting, as relevant here, that admitting the photographs and video recordings violated the best evidence rule. The Court of Appeals rejected Midkiff's arguments and affirmed his convictions, holding that the best evidence rule is limited to written documents and did not apply to the still images and video recordings in issue and that the trial court did not err

in concluding that the admitted materials "were fair and accurate representations of the digital image files of child pornography on [Midkiff's] computer hard drive." Midkiff v. Commonwealth, 54 Va. App. 323, 339, 678 S.E.2d 287, 295 (2009). Midkiff filed a timely appeal to this Court.

In this appeal, Midkiff argues that because pornographic images of children are the contraband in prosecutions under Code § 18.2-374.1:1, and because digital images are subject to manipulation, this Court should extend the best evidence rule to these images because only that rule "insures the integrity of a criminal conviction." Applying that rule in this case, according to Midkiff, would require the trier of fact to view the images at issue on his computer hard drives.

We decline Midkiff's invitation to extend the best evidence rule to this case. Not only is application of the rule limited to written documents, Meade v. Commonwealth, 177 Va. 811, 815, 12 S.E.2d 796, 797-98 (1941), but the purpose of the rule, reliability of evidence, is amply met in this case as discussed below.

In considering Midkiff's challenge to the reliability of the evidence, we apply a well established standard of appellate review. Generally, the admissibility of evidence is within the discretion of the trial court and we will not reject the decision of the trial court unless we find an abuse of

4

discretion. Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986).

The record reflects that Scott was qualified as an expert and testified that a bit for bit copy of a hard drive is a reproduction of the actual hard drive without degradation and is considered forensically to be an original. She also testified that she made a bit for bit copy of the hard drives in Midkiff's computer. Investigator Arnold testified that he produced the photographs from the data DVD he received from Scott and the photographs were the same as he viewed on the data DVD. Scott also identified the photographs and video clips as accurate representations of the child pornography she viewed on the digital reproduction she made of Midkiff's hard drives. Midkiff made no assertions that the admitted photographs or video clips were in any way manipulated or altered from the images that resided on his computer's hard drives. Based on this record, we conclude that the printed pictures and video recordings were reliable representations of the material contained in the digital image and video recording files on Midkiff's computer hard drives and thus the circuit court did not abuse its discretion in receiving them into evidence.

Accordingly, for these reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.