COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Alston and Senior Judge Haley
Argued at Richmond, Virginia

UNPUBLISHED

TERRELL DEWAYNE GARNETT

v.      Record No. 1573-15-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
DECEMBER 20, 2016

FROM THE CIRCUIT COURT OF HENRICO COUNTY
James S. Yoffy, Judge

Amy E. Hensley (Owen & Owens PLC, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Terrell Dewayne Garnett appeals an order convicting him of possession with intent to

distribute one-half ounce to five pounds of marijuana. Appellant argues that the circuit court erred

by (1) admitting text messages into evidence over his objection for lack of foundation; (2) admitting

text messages into evidence over his objection for best evidence; (3) admitting text messages into

evidence over his objection for hearsay; (4) denying his motion to strike because the evidence was

insufficient to prove beyond a reasonable doubt that he possessed marijuana with the intent to

distribute it; and (5) admitting the out-of-court statements of his sister into evidence in violation of

the hearsay rule. We agree with appellant that the circuit court erred in admitting the text messages

because the Commonwealth did not provide an adequate foundation for their admission.

Accordingly, we reverse the decision of the circuit court and remand for further proceedings

consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, 'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Terlecki v. Commonwealth, 65 Va. App. 13, 16, 772 S.E.2d 777, 779 (2015) (quoting Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)).

On April 9, 2015, appellant was the driver of a vehicle that stopped at a police checkpoint. Officer Emily K. Madeline approached the vehicle and smelled a strong odor of marijuana. She asked appellant to step out of the vehicle.[1] He consented to a personal search. Madeline found $528 in appellant's pocket. Madeline searched the car. She found a baggie containing 2.8 grams of marijuana in the center console and a backpack containing thirty-three plastic bags filled with a total of 212.4 grams of marijuana in the trunk. Madeline also found a cellular phone, but at trial, she could not recall whether she found it in the center console or on appellant's person. Appellant told Madeline that the vehicle belonged to his sister from whom he borrowed it earlier that day.

Madeline obtained a search warrant for the phone. Detective Cary Nelson used a forensic extraction device to obtain and copy the text messages on the phone. After reviewing the text messages, Detective James Kewish opined that several of the text messages, including those sent on April 9, 2015, were related to the sale and distribution of drugs.

When the Commonwealth moved to introduce the text messages at trial, appellant objected based on the grounds of lack of foundation, best evidence, and hearsay. The circuit court overruled the objections and admitted the text messages into evidence.

At the conclusion of the Commonwealth's evidence, appellant made a motion to strike, which the circuit court denied. Appellant did not present any evidence. The circuit court found

---

[1] Appellant was the only person in the vehicle.

appellant guilty of possession of marijuana and possession with intent to distribute more than one-half ounce, but not more than five pounds, of marijuana. Appellant timely appealed the conviction of possession with intent to distribute.

## ANALYSIS

Appellant argues that the trial court erred in admitting the text messages because the Commonwealth did not lay the proper foundation to prove that he owned the cell phone or wrote and received the text messages.

"'Generally, the admissibility of evidence is within the discretion of the trial court,' and an appellate court will not reject the trial court's decision absent an abuse of discretion." Dalton v. Commonwealth, 64 Va. App. 512, 519, 769 S.E.2d 698, 703 (2015) (quoting Midkiff v. Commonwealth, 280 Va. 216, 219, 694 S.E.2d 576, 578 (2010)). "[A] reviewing court can only conclude that an abuse of discretion has occurred in cases where 'reasonable jurists could not differ' about the correct result." Id. (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)).

This Court has previously held that text messages constitute writings for purposes of the best evidence rule. Id. at 523, 769 S.E.2d at 703-04. "It is elementary that before a writing can be admitted into evidence a proper foundation must be laid to show it is relevant and material . . . . The writing becomes evidence only when it is authenticated." Lassiter v. Commonwealth, 16 Va. App. 605, 611, 431 S.E.2d 900, 904 (1993); see also Walters v. Littleton, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982) ("All writings are subject to the requirement of authentication, which is the providing of an evidentiary basis sufficient for the trier of fact to conclude that the writing came from the source claimed."). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the thing in question is what its proponent claims." Va. R. Evid. 2:901.

During the trial, the circuit court and the Commonwealth engaged in the following

discussion regarding the cell phone:

> THE COURT: My natural question is why didn't, why don't we have evidence of whose phone it is? I mean it's not that hard to find out whose phone it is.
>
> [COMMONWEALTH]: Well, is it?
>
> THE COURT: I mean you can get a cell phone number. You trace it back to who the cell phone, who the person is.
>
> [COMMONWEALTH]: Well, right, and we don't have the Verizon or whoever records before you today, Judge.
>
> THE COURT: Right.
>
> [COMMONWEALTH]: What we have is the phone itself, and that was in the car.
>
> THE COURT: My point is why, why couldn't the Commonwealth find out whose phone it was?
>
> [COMMONWEALTH]: There was only one person driving the car, and it was the defendant. And he didn't have any other phone. I mean that's the evidence we have, Judge. It was my belief that the phone was taken off of the defendant, but I understand what the evidence before you is.
>
> THE COURT: My point is the Commonwealth could go to the network carrier with a search warrant, find out whose phone it was.
>
> [COMMONWEALTH]: And then we can't get that evidence in without the network carrier people being here.
>
> THE COURT: Right.
>
> [COMMONWEALTH]: Yes. But, again, as I, if the phone came out of the defendant's pocket, is it, is that necessary?
>
> THE COURT: But your evidence is you don't know where it came from.
>
> [COMMONWEALTH]: That is what the evidence was today, yes.

As noted by the circuit court, the Commonwealth can authenticate the text messages and

prove the ownership of the cell phone with either direct or circumstantial evidence. See Bloom

v. Commonwealth, 262 Va. 814, 554 S.E.2d 84 (2001) (online instant messages were admissible because the Commonwealth proved they were sent from defendant by linking personal information known about defendant to the screen name used to send messages); Chewning v. Commonwealth, Record No. 2204-12-4, 2014 Va. App. LEXIS 82 (Va. Ct. App. Mar. 11, 2014) (authenticate text messages with testimony from a Verizon Wireless employee and the Verizon records and the defendant admitted to police that he owned the cell phone from which the text messages were sent); Cobb v. Commonwealth, Record No. 1526-12-1, 2013 Va. App. LEXIS 301 (Va. Ct. App. Oct. 22, 2013) (authenticate text messages with Verizon Wireless records).[2] In Smith v. State, 136 So. 3d 424, 433 (Miss. 2014), the Supreme Court of Mississippi listed multiple ways to authenticate electronic communications:

> the purported sender admits authorship, the purported sender is seen composing the communication, business records of an internet service provider or cell phone company show that the communication originated from the purported sender's personal computer or cell phone under circumstances in which it is reasonable to believe that only the purported sender would have access to the computer or cell phone, the communication contains information that only the purported sender could be expected to know, the purported sender responds to an exchange in such a way as to indicate circumstantially that he was in fact the author of the communication, or other circumstances peculiar to the particular case may suffice to establish a prima facie showing of authenticity.

See also Butler v. State, 459 S.W.3d 595, 601 (Tex. Crim. App. 2015) (authenticate text messages with "testimony of a witness with knowledge or through evidence showing distinctive characteristics"), and People v. Watkins, 25 N.E.3d 1189, 1204 (Ill. App. Ct. 2015) (use circumstantial evidence to authenticate text messages, including cell phone records, eyewitness testimony that defendant owned phone and received text messages, identifying marks on the phone).

---

[2] The unpublished cases are cited for informative purposes only, and are not binding authority.  Rule 5A:1(f).

In this case, the Commonwealth relied on circumstantial evidence to prove that appellant owned the cell phone and authored the text messages. The Commonwealth argued that appellant was the only person in the car, so the cell phone had to belong to him. However, Madeline could not recall where she found the cell phone, and proximity to the cell phone is insufficient to prove that appellant owned the cell phone and authored the text messages. See State v. Francis, 455 S.W.3d 56, 72 (Mo. Ct. App. 2014) (possession of the cell phone at the time of arrest is insufficient by itself to prove that the defendant owned the cell phone and authored the text messages).

Appellant argued that there was no evidence that the cell phone belonged to him or that he used the phone to send or receive text messages. The Commonwealth did not offer the records from the cell phone carrier to prove that the cell phone belonged to appellant. Appellant did not make any statements to the police regarding the ownership of the cell phone. There was no evidence from other people who may have sent or received text messages from appellant and could recognize his text messages.

The evidence is insufficient to establish a foundation for the admissibility of the text messages. Therefore, the trial court abused its discretion in admitting the text messages.

Finding error, the Court must determine whether the error was harmless. "No trial is perfect, and error will at times creep in." Dalton, 64 Va. App. at 519, 769 S.E.2d at 701 (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1009, 407 S.E.2d 910, 913 (1991) (*en banc*)). The standard for non-constitutional error is established in Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

The test for nonconstitutional harmless error is as follows:

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand.

Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)).

The error in this case was not harmless. The Commonwealth conceded at oral argument that if the cell phone did not come into evidence, then there was not sufficient evidence to convict appellant.[3]

At trial, the Commonwealth relied on circumstantial evidence to prove that appellant possessed marijuana with the intent to distribute it. "As with any case, the fact-finder is entitled to make reasonable inferences from the evidence presented at trial to determine whether the defendant possessed drugs with the intent to distribute them." Burrell v. Commonwealth, 58 Va. App. 417, 434, 710 S.E.2d 509, 518 (2011). The text messages included several conversations regarding the sale of marijuana. In addition to using the text messages to prove possession with intent to distribute, the Commonwealth argued that the backpack in the trunk of the vehicle had thirty-three bags of marijuana, which the expert opined was inconsistent with personal use. However, the backpack contained no identifying information, and there was no evidence that it belonged to appellant. Furthermore, the Commonwealth introduced evidence that at the time of the arrest, appellant was the only person in the car, and Madeline detected a

---

[3] "We have no obligation to accept concessions of error." Copeland v. Commonwealth, 52 Va. App. 529, 531, 664 S.E.2d 528, 529 (2008) (citing United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008) (recognizing "the government's concession of error is not binding on this court")).

strong odor of marijuana when she approached the car. Although appellant was the only person in the car at the time of the arrest, there was no evidence that other people had not been in the car earlier.

We find that the circumstantial evidence in this case was not sufficient to convict appellant of possessing marijuana with the intent to distribute it without the evidence contained in the text messages. We cannot say that the trial court's error in admitting the text messages was harmless. Therefore, appellant's conviction for possession with intent to distribute marijuana is reversed, and the matter is remanded for a new trial, if the Commonwealth be so advised.

Because we reverse on the basis of improperly admitted evidence and remand the case for a new trial, we must address appellant's fourth assignment of error alleging that the evidence at trial was insufficient to prove constructive possession of the marijuana beyond a reasonable doubt.[4] Pursuant to Code § 19.2-324.1:

> In appeals to the Court of Appeals or the Supreme Court, when a challenge to a conviction rests on a claim that the evidence was insufficient because the trial court improperly admitted evidence, the reviewing court shall consider all evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction. If the reviewing court determines that evidence was erroneously admitted and that such error was not harmless, the case shall be remanded for a new trial if the Commonwealth elects to have a new trial.

Accordingly, we are required by statute to consider *all evidence admitted at trial* to determine whether the evidence proved that appellant constructively possessed the marijuana in question.

> Possession may be actual or constructive. Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that

---

[4] A full sufficiency analysis is required because, if the evidence adduced at trial was insufficient to convict appellant, a remand for a new trial would violate the Constitution's prohibition against double jeopardy. See Parsons v. Commonwealth, 32 Va. App. 576, 581, 529 S.E.2d 810, 812 (2000) (citing Burks v. United States, 437 U.S. 1 (1978)).

the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (*en banc*) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)) (other citation omitted).

We find that the evidence at trial was sufficient for a rational factfinder to conclude beyond a reasonable doubt that appellant possessed marijuana with the intent to distribute. The evidence, viewed in the light most favorable to the Commonwealth, established that the vehicle appellant was driving was emitting a strong odor of marijuana that was easily detectable as Officer Madeline approached the vehicle. Detective Kewish, testifying as an expert at trial in the distribution and possession of marijuana, concluded that several of the text message conversations discussed the sale and distribution of marijuana. Kewish also testified that the possession of thirty-three bags of marijuana (found in the trunk) and $500 in cash were facts that were indicative of the sale or distribution of marijuana. A rational factfinder could infer from the text messages that appellant was aware of the presence of the large quantity of marijuana that was packaged for distribution in the vehicle's trunk and that it was subject to his dominion and control. Therefore, we conclude that a rational fact finder could have found appellant guilty of possession of marijuana with the intent to distribute upon consideration of all the evidence that was admitted at trial.[5]

---

[5] Considering this ruling, the Court does not need to address appellant's second, third, and fifth assignments of error. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) ("[A]n appellate court decides cases 'on the best and narrowest ground available.'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

CONCLUSION

Since the circuit court abused its discretion in admitting the text messages and that error was not harmless, the circuit court's ruling is reversed. However, because all of the evidence admitted at trial was sufficient to support appellant's conviction for possession with intent to distribute one-half ounce to five pounds of marijuana, we remand for a new trial if the Commonwealth is so inclined.

<u>Reversed and remanded.</u>