UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, AtLee and Senior Judge Frank
Argued at Norfolk, Virginia


ROY LUJASON TURNER

MEMORANDUM OPINION[*] BY
v.      Record No. 1866-15-1      JUDGE MARY GRACE O'BRIEN
MARCH 14, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, III, Judge

Eric P. Korslund (Korslund & Korslund, P.C., on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Roy Lujason Turner ("appellant") was convicted by a jury of first-degree murder, in

violation of Code § 18.2-32; robbery, in violation of Code § 18.2-58; and two counts of use of a

firearm in the commission of a felony, in violation of Code § 18.2-53.1.  On appeal, he asserts the

following assignment of error:  "the trial court abused its discretion when it admitted into evidence a

mugshot of appellant broadcast by local media because it had no probative value and was highly

prejudicial."  Finding no error, we affirm the convictions.

I.  BACKGROUND[1]

Dajuan Glover was killed on a residential street in Norfolk during the early morning hours

of July 16, 2015.  After performing an autopsy, the medical examiner opined that Glover had been

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because this memorandum opinion carries no precedential value, we recite only those
facts necessary to our holding.

shot between sixteen and twenty-three times. A ballistics expert analyzed casings recovered from the crime scene and concluded that they came from three different weapons. She also examined the bullets recovered from the victim's body and determined that the suspects used three separate handguns. Witnesses in the area identified appellant, Joshua Wood, and Kareem Turner as the men who fired shots.

As part of their investigation, police officers seized appellant and Joshua Wood's cell phones. A forensic analysis of the phones revealed phone calls and text messages between the men and Kareem Turner following the homicide. At 6:22 a.m., the following message was sent to Wood's cell phone: "He gone, 13 news." Wood's phone was then used to access a news story from ABC 13 News about the shooting at 6:32 a.m., which featured a photograph of appellant that Wood saved to his phone.

Appellant was tried jointly with his co-defendant, Wood. At trial, the Commonwealth introduced a poster board that summarized the evidence recovered from Wood's cell phone. The poster board included the content of the text messages found on Wood's phone as well as the photograph of appellant from the news website that had been downloaded to the phone. Appellant objected to the admission of the photograph on the grounds that its prejudicial effect outweighed any probative value. The court overruled the objection but gave the following cautionary instruction to the jury: "this particular photograph at the bottom center of this exhibit just above ABC 13 News Now, that is only admissible against Mr. Wood. You are not to consider it against Mr. Turner."

## II. ANALYSIS

### A. Standard of Review

"Generally, the admissibility of evidence is within the discretion of the trial court and we will not reject the decision of the trial court unless we find an abuse of discretion." Midkiff v.

Commonwealth, 280 Va. 216, 219, 694 S.E.2d 576, 578 (2010).  More specifically, "[t]he admission of photographs is a matter resting within the sound discretion of a trial court."  Gray v. Commonwealth, 233 Va. 313, 342, 356 S.E.2d 157, 173 (1987).

## B.  Admissibility of Photograph

Appellant asserts that the photograph from the poster board was a "mug shot," and as such, its prejudicial effect outweighed any probative value.  He contends that the trial court abused its discretion by admitting it into evidence.  Due to the potential prejudice inherent in mug shots, Virginia has adopted the test set forth by federal courts to determine their admissibility:

> (1)  The Government must have a demonstrable need to introduce the photographs;
>
> (2)  The photographs themselves, if shown to the jury, must not imply that the defendant has a prior criminal record; and
>
> (3)  The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs.

Johnson v. Commonwealth, 2 Va. App. 447, 454, 345 S.E.2d 303, 307 (1986) (quoting United States v. Harrington, 490 F.2d 487, 494 (2d Cir. 1973)).  The limitations on the use of mug shots are designed to prevent the inference that the subject depicted in the photograph is a person of bad moral character who has a prior criminal record.  Id. at 451-54, 345 S.E.2d at 306-07.

Initially, we must determine if the photograph in question is a mug shot.  A "mug shot" is defined as a "photograph of a person's face taken after the person has been arrested and booked."  Mug shot, Black's Law Dictionary (9th ed. 2009).  In previous cases, we have described mug shots as "standard police photograph[s] . . . show[ing] [the defendant] in two poses, both of which contain the following legend: Bureau of Police Hopewell, VA."  Irving v. Commonwealth, 13 Va. App. 414, 416, 412 S.E.2d 712, 713 (1991).  We also have referred to mug shots as "black and white [photographs] . . . taken from police records showing front and side views" of the defendant, with

the words "Bureau of Police, Richmond, Virginia" "written across the front of [the photographs] in large letters." Johnson, 2 Va. App. at 449-50, 345 S.E.2d at 304-05. Additionally, "[u]nder this lettering there was a number followed by the date . . . an obvious reference to a prior crime." Id. at 450, 345 S.E.2d at 305.

Here, the photograph in question differs significantly from the mug shots described in Irving and Johnson. There is nothing to indicate that the photograph was taken by a law enforcement agency or was created pursuant to police procedure. It is a screenshot from a news website, reflecting a single photographic image of appellant, displaying his head and shoulders. There is no date on the photograph, no police department reference, and nothing in the photograph to imply that appellant had a prior criminal record. Accordingly, the safeguards of the requirements set out in Harrington, designed to protect a defendant from the prejudice of the jury knowing that he was previously arrested for an unrelated offense, do not apply.

Additionally, any prejudice that may have resulted from the admission of the photograph was vitiated by the court's cautionary instruction. The court clearly instructed the jury that the photograph at issue was not admissible against appellant and could only be considered as evidence of his co-defendant's guilt.[2] "Unless the record shows the contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given." LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983). In this case, nothing in the record indicates that the jury did not follow the court's instruction. This Court has held that a conviction will not be reversed based on the admission of evidence that the court subsequently directs the jury to disregard "unless there is a manifest probability that the evidence . . . has been prejudicial to the adverse party." Abunaaj v.

_____

[2] In fact, appellant conceded at trial that the photograph was admissible against his co-defendant, Wood. In a joint trial, a defendant does not have the right to exclude relevant and competent evidence despite "the impression that the co-defendants may be hostile to each other's position." Goodson v. Commonwealth, 22 Va. App. 61, 71, 467 S.E.2d 848, 853 (1996).

Commonwealth, 28 Va. App. 47, 57, 502 S.E.2d 135, 140 (1998) (quoting Coffey v. Commonwealth, 188 Va. 629, 636, 51 S.E.2d 215, 218 (1949)).  Appellant has not shown that there is a "manifest probability" that he was prejudiced by admission of the evidence.

Accordingly, because the court did not abuse its discretion by admitting the photograph, and because appellant has not demonstrated that the jury disregarded the cautionary instruction, we affirm appellant's convictions.

Affirmed.